<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL DEPIETRO,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Civil Action No. 19-15516 (SDW)(LDW)<br><br><br>**OPINION**<br><br><br>September 28, 2021 |

      **THIS MATTER** having come before this Court upon the filing of the Government's Motion for Judgment on the Pleadings (D.E. 33) pursuant to Federal Rule of Civil Procedure ("Rule") 12(c); and

      **WHEREAS** on December 7, 2017, Plaintiff Michael DePietro ("Plaintiff") sent the United States Department of Veterans Affairs ("VA") a notice regarding an administrative tort claim. (D.E. 32-1, Ex. 1.) There, Plaintiff alleged that a VA doctor caused nerve damage to his left cheek during a routine dermatological procedure. (*See generally* D.E. 1.) On March 15, 2018, the VA acknowledged receipt of Plaintiff's claim. (D.E. 32-2, Ex. 2.) On July 30, 2018, the VA denied Plaintiff's claim via letter sent by certified mail. (D.E. 32-2, Ex. 3.) That letter stated that Plaintiff could "seek judicial relief in a Federal district court," but would need to "initiate the suit within six months of the mailing of this notice" in order to do so. (*Id.*); and

**WHEREAS** on July 17, 2019, Plaintiff filed a Complaint alleging tort claims against the East Orange Veteran's Affairs Hospital ("East Orange").[1] The Government answered Plaintiff's Complaint on August 9, 2021. (D.E. 30; *see also* D.E. 32 (Amended Answer).) Pleadings are now closed. (*See* D.E. 33-1 at 8.) On August 27, 2021, the Government filed its Motion for Judgment on the Pleadings, alleging that Plaintiff's claims were barred by the applicable six-month statute of limitations. (D.E. 33.) On September 22, 2021, Plaintiff opposed. (D.E. 36.) On September 21, 2021, Plaintiff filed an additional letter. (D.E. 37.); and

**WHEREAS** Plaintiff's tort claims, (*see* D.E. 1), were brought pursuant to the Federal Tort Claims Act's ("FTCA") limited waiver of sovereign immunity, (*see* D.E. 33-1 at 4-5). Pursuant to the FTCA, a party must exhaust his or her administrative remedies prior to filing suit against the Government. 28 U.S.C. § 2675; *McNeil v. United States,* 508 U.S. 106, 113 (1993). An FTCA action brought against the Government must meet two limitations periods: (1) a tort claim must be submitted to the federal agency within two years from the date the claim accrues; and (2) a federal court case must be filed within six months from the date the claim is denied. *Sconiers v. United States*, 896 F.3d 595, 597 (3d Cir. 2018); and

**WHEREAS** the doctrine of equitable tolling will, in limited circumstances, excuse failure to adhere to a statute of limitations. That doctrine applies in three circumstances: "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Walker*

---

[1] As noted by the Government in its Motion for Judgment on the Pleadings, the appropriate Defendant in this case is the United States of America. (D.E. 33 at 2 n.1; D.E. 36-1 at 1); 28 U.S.C. § 2679(a) & (d)(1); *see Hunt v. U.S. Dep't of Veterans Affs.*, Civ. No. 18-9443, 2019 WL 1236835, at *2 (D.N.J. Mar. 14, 2019). Therefore, this Court will substitute the United States of America for the named Defendant, East Orange, in the case caption and briefing.

*v. United States*, 616 F. App'x 497, 500 (3d Cir. 2015) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)); and

**WHEREAS** although Plaintiff sent his tort claim to the Government in accordance with the FTCA, he failed to file suit within six months of the VA's denial. (D.E. 33-1 at 5-6); 28 U.S.C. § 2401(b). The VA's letter to Plaintiff clearly articulated the applicable six-month limitations period. (D.E. 32-3, Ex. 3.) Plaintiff has failed to present any legal basis for applying the doctrine of equitable tolling in his opposition. (D.E. 36; D.E. 37);

Accordingly, for the reasons set forth above, the Government's Motion for Judgment on the Pleadings is **GRANTED**. An appropriate order follows.

**WIGENTON,** District Judge.

                                                s/ *Susan D. Wigenton*
                                                **SUSAN D. WIGENTON**
                                                **UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Parties